## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER CHARLTON,<br><br>    and<br><br>RUDY LALGEE, on behalf of themselves<br>and others similarly situated<br><br>        Plaintiffs,<br><br>     v.<br><br>PREMIER LAWN & LANDSCAPE<br>SERVICES, INC.,<br><br>        Defendant. | Civil Action No. 1:22-cv-6055 |

## <u>DEFENDANT'S NOTICE OF REMOVAL</u>

To:    United States District Court
        Eastern District of New York
        100 Federal Plaza
        Central Islip, NY 11722

Defendant Premier Lawn & Landscape Services, Inc., (hereinafter "Premier Lawn" or the "Company"), by and through its attorneys, Nukk-Freeman & Cerra, P.C., respectfully petitions this Court for the removal of the above-entitled case from the Supreme Court of the State of New York, County of Richmond, to the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. In support of this petition, Premier Lawn respectfully states as follows:

1.       On or about September 15, 2022 Plaintiffs Christopher Charlton and Rudy Lalgee (hereinafter "Plaintiffs") filed a Complaint (the "Complaint") against Premier Lawn in the Supreme Court of the State of New York, County of Richmond, Index No.: 151683/2022 (hereinafter the "State Court Action"). No other defendants are named. The State Court Action is currently

pending in that Court.  A copy of the Complaint filed in the State Court Action, which constitutes all of the processes and pleadings to date, is annexed hereto as **Exhibit A**.

2.      Premier Lawn was served with the Summons and Complaint on September 20, 2022.

       a.    Plaintiff filed an Affidavit of Service stating that Plaintiff served the Summons and Complaint upon Premier Lawn on September 20, 2022. A filed copy of Plaintiff's Affidavit of Service on the Secretary of State, dated September 26, 2022, is annexed hereto as **Exhibit B**.

       b.    For purposes of starting the 30-day removal clock, Premier Lawn's actual receipt of the initial pleading is September 20, 2022.  See Cotter v. Milly LLC, No. 09 CIV. 04639 (PGG), 2010 WL 286614, at *4 (S.D.N.Y. Jan. 22, 2010) (While New York law may treat service as "complete" when a summons and complaint are served on the Secretary of State, federal courts in New York require actual receipt of the initial pleadings by a defendant to start the 30–day removal clock).

3.      Thus, this Notice of Removal is timely filed within 30 days after Premier Lawn first received notice of the State Court Action through service of otherwise.  This Notice of Removal is filed within the time provided by 28 U.S.C. § 1446(b) and the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

4.      Premier Lawn makes its first appearance in this matter by way of this Notice of Removal and the Notice of Filing of Notice of Removal, which is being filed concurrently in the State Court Action.

5.      This Court has original jurisdiction over the claims set forth in the State Court Action pursuant to 28 U.S.C. §§1331 and 1441(a).  Specifically, Plaintiffs have asserted a claim of

failure to pay overtime under the Fair Labor Standards Act 29 U.S.C. §201, et seq.  See **Exhibit A** at ¶¶ 48-59.  Due to Plaintiffs' claims under this federal statute, removal to this Court is appropriate under 28 U.S.C. §1441(a), without regard to the citizenship or residence of the parties or the amount in controversy.

6.      This Court has supplemental jurisdiction over any of Plaintiff's claims not arising under the laws of the United States pursuant to 28 U.S.C. §1367, including Plaintiff's claims under the New York Labor Law, Article 6, §190, et seq. for failure to pay overtime (Count II) and New York Labor Law, Article 6, §195(1) and (3) (Count III) for failure to furnish accurate wage notices and statements, particularly where, as is the case here, those claims arise out of a common nucleus of operative fact.  Id.

7.      Based upon the allegations in the Complaint, and without waiving any challenges with respect to same, venue is proper in the United States District Court for the Eastern District of New York in that the State Court Action was filed in the Supreme Court of the State of New York, County of Richmond.

8.      As of the present date, no other hearings or proceedings have taken place in the State Court Action to Premier Lawn's knowledge.

9.      As of this date, no discovery has been issued or commenced in the State Court Action.

10.     By filing this notice, Premier Lawn neither admits any factual allegations, nor waives any affirmative defenses and/or preliminary objections that may be available to it.

11.     Pursuant to Fed. R. Civ. P. 81(c), Premier Lawn must answer or present other defenses or objections to Plaintiff's Complaint on or before October 17, 2022, which is seven days after the filing of this Notice of Removal.

12.    Upon filing of this Notice of Removal, Premier Lawn shall give written notice thereof to Greg R. Mansell, Esq., attorney for Plaintiffs.  Also, Premier Lawn shall file true and correct copies of said Notice of Removal with the Clerk of the Court of the Supreme Court of the State of New York, County of Richmond.

WHEREFORE, Defendant Premier Lawn & Landscape Services, Inc. hereby respectfully requests that the Court remove this action from the Supreme Court of the State of New York, County of Richmond, to the United States District Court for the Eastern District of New York, wherein it shall proceed as an action originally commenced therein.

Dated: October 10, 2022

NUKK-FREEMAN & CERRA, P.C.
*Attorneys for Defendant*
*Premier Lawn & Landscape Services, Inc.*

/s/ Ryan S. Carlson
Ryan S. Carlson, Esq.
26 Main Street, Suite 202
Chatham, NJ 07928
rcarlson@nfclegal.com
Telephone: (973) 665-9100
Facsimile: (973) 665-9101

**<u>CERTIFICATION PURSUANT TO L. CIV. R. 11.2</u>**

I certify that, to the best of my knowledge, this matter is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

Dated: October 10, 2022

NUKK-FREEMAN & CERRA, P.C.
*Attorneys for Defendant*
*Premier Lawn & Landscape Services, Inc.*

<u>/s/ Ryan S. Carlson</u>
Ryan S. Carlson, Esq.
26 Main Street, Suite 202
Chatham, NJ 07928
rcarlson@nfclegal.com
Telephone: (973) 665-9100
Facsimile: (973) 665-9101

# EXHIBIT A

Case 1:22-cv-06055-BMC   Document 1   Filed 10/10/22   Page 7 of 25 PageID #: 7

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF RICHMOND**
-----------------------------------------------------------X

**CHRISTOPHER CHARLTON,**                    Index No.:

    and                    PLAINTIFFS DESIGNATE
                            RICHMOND COUNTY AS
**RUDY LALGEE, on behalf of themselves**      THE PLACE OF TRIAL
**and others similarly situated,**

        Plaintiffs,            THE BASIS OF VENUE IS
                            DEFENDANT'S PRINCIPAL
                            PLACE OF BUSINESS IN
    v.                    RICHMOND COUNTY

**PREMIER LAWN & LANDSCAPE SERVICES,**        **SUMMONS**
**INC.**

                            Plaintiff Charlton resides at:
      Defendant.            54 Riverside Lane
                            Staten Island, NY 10302

-----------------------------------------------------------X        Plaintiff Lalgee resides at:
                            133 New Street
                            Staten Island, NY 10302

To the above named Defendant:

      PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer on the plaintiff's attorney at the address indicated below within 20 days after the service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the Summons is not delivered personally to you within the State of New York.

      YOU ARE HEREBY NOTIFIED THAT should you fail to answer, a judgment will be entered against you by default for the relief demanded in the complaint.

Dated: September 15, 2022                Mansell Law LLC
                            Attorney for Plaintiff

                            /s/ Greg R. Mansell
                            By: Greg R. Mansell, Esq.
                            85 8th Ave, 6M
                            New York, NY 10011
                            (646) 921-8900
                            *Greg@MansellLawLLC.com*

Defendant's Addresses:
Premier Lawn & Landscape Services Inc.,
238 Pulaski Ave
Staten Island, NY 10303

Case 1:22-cv-06055-BMC Document 1 Filed 10/10/22 Page 8 of 25 PageID #: 8

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF RICHMOND**
------------------------------------------------------------X
**CHRISTOPHER CHARLTON,**

      and                              Index No.:
                                     Date Filed: 9/15/22

**RUDY LALGEE, on behalf of themselves**
**and others similarly situated,**


          Plaintiffs,                     **<u>COMPLAINT</u>**
                                          **<u>DEMAND FOR JURY TRIAL</u>**
      v.

**PREMIER LAWN & LANDSCAPE SERVICES,**
**INC.**

          Defendant.

------------------------------------------------------------X

      NOW COMES Plaintiff Christopher Charlton ("Charlton") and Plaintiff Rudy Lalgee

("Lalgee") (hereinafter referred to collectively as "Plaintiffs") and proffer this Collective and Class

Action Complaint for damages against Defendant Premier Lawn & Landscape Services Inc.

("Defendant").

<b><u>NATURE OF ACTION</u></b>

      1.      This action seeks monetary, declaratory and injunctive relief to redress violations

under the Fair Labor Standard Act ("FLSA") and New York Labor Law ("NYLL").

      2.      Defendant has willfully engaged in violations of the FLSA and NYLL by: (a)

failing to pay Plaintiffs overtime compensation at one and one-half times their regular rate of pay

for time worked in excess of 40 hours in a work week, (b) failing to provide Plaintiffs with wage

notices and wage statements in violation of NYLL § 195, and (c) unlawfully withholding wages

in violation of NYLL § 193.

Case 1:22-cv-06055-BMC    Document 1    Filed 10/10/22    Page 9 of 25 PageID #: 9

3.      Plaintiffs bring this action on behalf of themselves and on behalf of those similarly situated, and Plaintiffs have given written consent to bring this action to collect unpaid overtime compensation under the FLSA. The consent is filed along with the Complaint pursuant to 29 U.S.C. § 216(b). (Attached as Exhibit A).

## VENUE

4.      Venue is proper in this district under CPLR § 503, because Defendant's principal place of business is in Richmond County, New York and the events giving rise to the claim occurred in this County.

## THE PARTIES

5.      Plaintiff Charlton is an individual and a resident of Richmond, New York.

6.      At all times relevant herein, Plaintiff Charlton was an "employee" of Defendant as that term is defined under the FLSA and New York Labor Law as it relates to the claims herein.

7.      Plaintiff Rudy Lalgee is an individual and a resident of Florida.

8.      At all times relevant herein, Plaintiff Lalgee was an "employee" of Defendant as that term is defined under the FLSA and New York Labor Law as it relates to the claims herein.

9.      Defendant is a landscaping company that provides a variety of lawn, property maintenance, holiday decorating, and snow and ice removal services to clients in New York City.

10.     Defendant's principal place of business at 238 Pulaski Ave, Staten Island, NY in Richmond County.

11.     Defendant employees Crew members and Foremen to perform manual labor related landscaping tasks on Defendant's Clients' properties.

12.     Upon information and belief, Crew members and Foremen are paid on an hourly basis.

2

13.     Upon information and belief, Defendant employs more than 10 total Crew members and Foremen at any given time.

14.     Defendant has been engaged in interstate commerce or in the production of goods for commerce, and/or the business activities of Defendant constitutes an enterprise engaged in interstate commerce within the meaning of the FLSA, and/or Defendant has an annual dollar volume of sales or business of at least $500,000.

15.     At all times relevant herein, Defendant was fully aware of the fact that Defendant was legally required to comply with the wage and hour laws of the State of New York and United States.

## STATEMENT OF FACTS

16.     Plaintiff Charlton began his employment with Defendant on or about March 17, 2020.

17.     At the time of his hiring, Plaintiff Charlton was not provided a Wage Notice as required by NYLL Art. 6 § 195(1).

18.     Plaintiff Charlton's stopped performing work for Defendant on or about August 19, 2022.

19.     Throughout his employment, Plaintiff Charlton was employed in the position of Crew.

20.     In this role, Plaintiff Charlton was responsible for performing manual labor tasks including, but not limited to, fertilizing lawns, performing shrub and hedge trimming, planting shrubbery or installing sod, and performing snow and ice removal on Defendant's client's properties, among other duties.

21.     During Plaintiff Charlton's entire employment he was paid on an hourly basis.

3

22.     Plaintiff Charlton regularly worked more than 40 hours per workweek.

23.     Plaintiff Charlton worked approximately 60 hours per week for the majority of his employment.

24.     Plaintiff Charlton's was tracked each week through timesheets he submitted to Defendant. However, Defendant did not pay Plaintiff Charlton an overtime premium at one-and-one half his regular rate of pay for each hour he worked in excess of 40 in a single workweek.

25.     Other Crew and Foremen's time was also tracked using the timesheets.

26.     Defendant would pay all Crew and Foremen at their regular hourly rate through Defendant's normal payroll for the first 40 hours of work.

27.     Defendant did not pay Plaintiff Charlton at a rate of one and one half times Plaintiff Charlton's regular rate of pay for all hours worked over 40 in a workweek. Instead, Defendant would pay Plaintiff Charlton via cash for any hours worked in excess of 40 each workweek at his regular hourly rate. The cash would be provided with the check or paystub in the same envelope.

28.     Defendant did not provide Plaintiff Charlton with accurate or complete Wage Statements as required by NYLL Art. 6 § 195(3).

29.     Plaintiff Charlton's wage statements regularly failed to include the total number of hours worked (regular and overtime), rates paid (regular and overtime) and basis thereof.

30.     Plaintiff Lalgee began his employment with Defendant on in or before 2002.

31.     At the time of his hiring, Plaintiff Lalgee was not provided a Wage Notice as required by NYLL Art. 6 § 195(1).

32.     Plaintiff Lalgee's employment ended on or about August 16, 2022.

33.     Throughout his employment, Plaintiff Lalgee was employed in the position of Foreman.

4

34.     In this role, Plaintiff Lalgee was responsible for performing manual labor tasks such as fertilizing lawns, performing shrub and hedge trimming, planting shrubbery or installing sod, installing holiday decorations, and performing snow and ice removal on Defendant's client's properties, among other duties.

35.     As a Foreman, Plaintiff Lalgee also was tasked with overseeing the job and making sure the job was performed correctly.

36.     During Plaintiff Lalgee's entire employment he was paid on an hourly basis.

37.     Plaintiff Lalgee regularly worked more than 40 hours per workweek.

38.     Plaintiff Lalgee regularly worked an average of 60 hours per week.

39.     Plaintiff Lalgee tracked the number of hours he worked each week through timesheets he submitted to Defendant. However, Defendant did not pay Plaintiff Lalgee an overtime premium at one-and-one half his regular rate of pay for each hour he worked in excess of 40 in a single workweek.

40.     Defendant would pay Plaintiff Lalgee at his regular hourly rate via direct deposit through Defendant's normal payroll for the first 40 hours of work.

41.     Defendant did not pay Plaintiff Lalgee at a rate of one- and one-half times Plaintiff Lalgee's regular rate of pay for all hours worked over 40 in a workweek. Instead, Defendant would pay Plaintiff Lalgee via cash for any hours worked in excess of 40 each workweek at his regular hourly rate.

42.     Defendant did not provide Plaintiff Lalgee with accurate or complete Wage Statements as required by NYLL Art. 6 § 195(3).

43.     Plaintiff Lalgee's wage statements regularly failed to include the total number of hours worked (regular and overtime), rates paid (regular and overtime) and basis thereof.

5

Case 1:22-cv-06055-BMC    Document 1    Filed 10/10/22    Page 13 of 25 PageID #: 13

44.     Defendant has failed to pay Plaintiffs overtime compensation at a rate of one-and-one half times their regular rate of pay despite Plaintiffs consistently working more than 40 hours per week during their employment.

## KNOWING AND INTENTIONAL ACTS

45.     All of the preceding paragraphs are realleged as if fully rewritten herein.

46.     Defendant has knowingly, intentionally and willfully committed the acts alleged herein.

47.     Defendant has not acted in good faith.

48.     Defendant has known that the nonpayment of overtime wages and other violations would financially injure Plaintiffs.

49.     Defendant has failed to maintain contemporaneous, true and accurate payroll records.

## FIRST CAUSE OF ACTION
### FLSA Collective Action, 29 U.S.C. §201, *et seq*. - Failure to Pay Overtime

48.     All of the preceding paragraphs are realleged as if fully rewritten herein.

49.     Plaintiffs bring this FLSA claim pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of themselves and all other Similarly Situated Persons ("SSPs") of the opt-in class, which includes:

> **All current and former Crew members and Foremen employed by Defendant during the 3 years prior to the date of filing this Complaint through the date of conditional certification, who were paid on and hourly basis and did not receive overtime compensation for hours worked in excess of 40 per workweek.**

50.     Upon information and belief, in the three years prior to the date of filing this Complaint, Defendant has employed more than 25 Crew members and Foremen.  These other

6

Case 1:22-cv-06055-BMC    Document 1    Filed 10/10/22    Page 14 of 25 PageID #: 14

Crew members and Foremen are similarly situated to Plaintiffs and are referred to herein as Similarly Situated Persons or "SSPs."

51.    This action is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA.  Plaintiffs are representative of all Crew members and Foremen employed by Defendant, and Plaintiffs are acting on behalf of the interests of the SSPs as well as on behalf of their own interests in bringing this action.

52.    The SSPs are known to Defendant and are readily identifiable through Defendant's payroll records.  These individuals may readily be notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA.

53.    Plaintiffs and the SSPs are paid on an hourly basis.

54.    Plaintiffs and the SSPs are not exempt from the overtime requirements of the FLSA.

55.    Plaintiffs and the SSPs are not paid an overtime premium for all hours worked over 40 in a workweek.

56.    Defendant was aware that Plaintiffs and the SSPs regularly worked more than 40 hours per week, but were not receiving overtime compensation at a rate of one and one-half times their regular rate of pay for hours worked in excess of 40 per week.

57.    Defendant knew or should have known that it was required to pay Plaintiff and the SSPs at an overtime premium for all hours worked in a workweek in excess of 40.

58.    During the past three years, Defendant has knowingly and willfully failed to pay Plaintiffs and the SSPs an overtime premium for all hours worked over 40 in a workweek.

7

59.     As a direct and proximate result of Defendant's conduct, Plaintiffs and the SSPs have suffered and continue to suffer damages and are entitled to recover unpaid wages, liquidated damages, interest, attorneys' fees and costs, and all other remedies available under the FLSA.

## SECOND CAUSE OF ACTION
### NYLL Class Action, Article 6 §190, *et seq*. - Failure to Pay Overtime

60.     All of the preceding paragraphs are realleged as if fully rewritten herein.

61.     Plaintiffs bring this NYLL claim pursuant to Article 6 §190, *et seq*. as a representative action on behalf of themselves and all other Similarly Situated Persons of the class, ("NYLL SSPs") which includes:

> **All current and former Crew members and Foreman employed by Defendant during the 6 years prior to the date of filing this Complaint through the date of conditional certification, who were paid on and hourly basis and did not receive overtime compensation for hours worked in excess of 40 per workweek.**

62.     Upon information and belief, in the six years prior to the date of filing this Complaint, Defendant has employed more than 50 Crew members and Foremen. These other Crew members and Foremen are similarly situated to Plaintiffs and are referred to herein as NYLL Similarly Situated Persons or "NYLL SSPs."

63.     This action is brought as a class action pursuant to Article 6 §190, *et seq*. as to claims for overtime compensation withheld in violation of the NYLL. Plaintiffs are representative of all Crew members and Foremen employed by Defendant, and Plaintiffs are acting on behalf of the interests of the NYLL SSPs as well as on behalf of their own interests in bringing this action.

64.     The NYLL SSP class is so numerous that joinder of all members is impracticable.

65.     The questions of law and fact common to the NYLL SSP class predominate over any questions affecting only individual members. The questions of law and fact include, but are not limited to (1) whether Defendant maintains a common policy and practice of paying for work

8

Case 1:22-cv-06055-BMC   Document 1   Filed 10/10/22   Page 16 of 25 PageID #: 16

performed in excess of 40 hours in a workweek in cash payments at the employees regular hourly

rate; and (2) whether Defendant failed to pay overtime compensation for all hours worked in excess

of forty hours in a week.

66.    The claims of Plaintiffs are typical of the claims of the NYLL SSP class, because

Plaintiffs and the NYLL SSP class are all current or former employees of Defendant who

performed work related to the operation of Defendant's lawncare business, who were paid on an

hourly basis, and sustained damages, including the underpayment of wages as a result of

Defendant's policy and practice of failing to pay Plaintiffs and NYLL SSP class members overtime

compensation for all hours worked in excess of 40 in each workweek. The Plaintiffs and NYLL

SSP class members have thus sustained similar injuries as a result of Defendant's actions. The

defenses that Defendant is likely to assert against Plaintiff's claims are typical of the defenses that

Defendant are likely to assert against the class.

67.    Plaintiffs and their counsel will fairly and adequately protect the interests of the

NYLL SSP class. Plaintiffs have retained counsel experienced in complex wage and hour

litigation.

68.    A class action is superior to other available methods for the fair and efficient

adjudication of this controversy. A class action will prevent unduly duplicative litigation resulting

from inconsistent judgments pertaining to the Defendant's unlawful policies and practices.

## INDIVIDUAL ALLEGATIONS

### THIRD CAUSE OF ACTION
### N.Y. Lab. Law, Art. 6 § 195(1) and (3) – Wage Theft Prevention Act

69.    All of the preceding paragraphs are realleged as if fully rewritten herein.

70.    NYLL requires that employers provide employees, in writing in English and in the

language identified by each employee as the primary language of such employee, at the time of

9

Case 1:22-cv-06055-BMC   Document 1   Filed 10/10/22   Page 17 of 25 PageID #: 17

hiring, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer. NYLL Art. 6 § 195(1).

71.    NYLL also requires that employers furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages. For all employees who are not exempt from overtime compensation, the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked. NYLL Art. 6 § 195(3).

72.    Defendant has willfully failed to supply Plaintiffs with an accurate Wage Notice and Wage Statements as required by NYLL, Article 6, § 195.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of all issues triable as of right by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs are entitled to and prays for the following relief:

10

Case 1:22-cv-06055-BMC Document 1 Filed 10/10/22 Page 18 of 25 PageID #: 18

A.      As to Count I, certification as a collective action to all SSPs and appointment of Plaintiff Charlton and Plaintiff Lalgee and their counsel to represent the FLSA Class; enter an order directing Defendant to pay into a common fund for the benefit of Plaintiffs and all other members of the FLSA Class the total amount of damages to which Plaintiffs and the class are entitled, including unpaid wages, unpaid overtime, liquidated damages, pre-judgment and post-judgment interest, costs and expenses of the litigation and administration of the common fund, and attorney's fees; injunctive relief for Defendant to cease violations of the FLSA; and such other or additional relief deemed appropriate by the Court and available under the FLSA.

B.      As to Count II, certification as a class action to all SSPs and appointment of Plaintiff Charlton and Plaintiff Lalgee and their counsel to represent the NYLL Class; enter an order directing Defendant to pay into a common fund for the benefit of Plaintiffs and all other members of the NYLL Class the total amount of damages to which Plaintiffs and the class are entitled, including unpaid wages, unpaid overtime, liquidated damages, pre-judgment and post-judgment interest, costs and expenses of the litigation and administration of the common fund, and attorney's fees; injunctive relief for Defendant to cease violations of the NYLL; and such other or additional relief deemed appropriate by the Court and available under the NYLL.

C.      A jury trial on these issues to determine liability and damages.

D.      A declaratory judgment that Defendant's practices complained of herein are unlawful and in violation of the Fair Labor Standards Act and New York Labor Laws; and any other applicable statute or regulation;

E.      An injunction against Defendant and any of its representatives from engaging in each of the unlawful practices, policies and patterns described in the causes of action set forth in this Complaint;

11

Case 1:22-cv-06055-BMC    Document 1    Filed 10/10/22    Page 19 of 25 PageID #: 19

F.    A judgment for Plaintiffs and against Defendant for compensation for unpaid overtime and withheld wages due to Plaintiffs under the New York Labor Law, and, as liquidated damages, an additional amount equal to 100% of the total monies due Plaintiffs;

G.    As to Count III, a judgment for Plaintiffs and against Defendant for fifty dollars for each day that Defendant failed to provide a Wage Notice (with a cap of five thousand dollars) and two hundred fifty dollars for each day that Defendant failed to provide Wage Statements (with a cap of five thousand dollars) in violation of NYLL §§ 195(1) and (3);

H.    An award of prejudgment and post judgment interest;

I.    A judgment for Plaintiffs against Defendant for attorneys' fees and costs pursuant to the Fair Labor Standards Act and New York Labor Law;

J.    Such other legal and equitable relief as this Court deems appropriate.

Dated: Richmond, New York
September 15, 2022

Respectfully submitted,

/s/Greg Mansell
Greg R. Mansell
(*Greg@MansellLawLLC.com*)
Rebecca L. Hill
(*Rebecca@MansellLawLLC.com*)
**Mansell Law, LLC**
85 8th Ave., 6M
New York, NY 10011
Ph: (646) 921-8900
*Counsel for Plaintiffs*

12

# EXHIBIT A

Case 1:22-cv-06055-BMC Document 1 Filed 10/10/22 Page 21 of 25 PageID #: 21

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF RICHMOND**
-------------------------------------------------------------X

**CHRISTOPHER CHARLTON,** *et al.* **on behalf**                    Index No.:
**of themselves and others similarly situated,**

        and

             Plaintiffs,

    v.

**PREMIER LAWN & LANDSCAPE SERVICES,**
**INC.**

             Defendant.
-------------------------------------------------------------X

## CONSENT TO JOIN AND PARTICIPATE

      I hereby consent, opt-in and agree to become a party-plaintiff in the above captioned

action. I agree to be represented by Mansell Law, LLC. I understand that this lawsuit is being

brought under the Fair Labor Standards Act. In addition, I understand by filing this consent, I

will be bound by the judgment of the Court on all issues in this case.

**SIGNATURE:** *a off*
Christopher Charlton (Sep 12, 2022 10:28 EDT)

**PRINT NAME:** Christopher Charlton

**STREET ADDRESS:** 54 Riverside Lane

**CITY, STATE, ZIP:** Staten Island, NY 10302

**DATE SIGNED:** 9/12/2022

Case 1:22-cv-06055-BMC   Document 1   Filed 10/10/22   Page 22 of 25 PageID #: 22

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF RICHMOND**
-------------------------------------------------------------X

**CHRISTOPHER CHARLTON,** *et al.* **on behalf**                          Index No.:
**of themselves and others similarly situated,**

       and

         Plaintiffs,

    v.

**PREMIER LAWN & LANDSCAPE SERVICES,**
**INC.**

         Defendant.
-------------------------------------------------------------X


## <u>CONSENT TO JOIN AND PARTICIPATE</u>

    I hereby consent, opt-in and agree to become a party-plaintiff in the above captioned

action. I agree to be represented by Mansell Law, LLC. I understand that this lawsuit is being

brought under the Fair Labor Standards Act. In addition, I understand by filing this consent, I

will be bound by the judgment of the Court on all issues in this case.


**SIGNATURE:** *Rudy lalgee*
Rudy lalgee (Sep 12, 2022 21:24 EDT)

**PRINT NAME:** Rudy lalgee

**STREET ADDRESS:** 463 Loretta ave south

**CITY, STATE, ZIP:** Lehigh acre Florida 33974

**DATE SIGNED:** 09/12/2022

# EXHIBIT B

Case 1:22-cv-06055-BMC   Document 1   Filed 10/10/22   Page 24 of 25 PageID #: 24

## IN THE SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF RICHMOND

| | |
|---|---|
| CHRISTOPHER CHARLTON; ET AL | Hearing Date: |
| Plaintiff/Petitioner | INDEX NO:     151683/2022 |
| vs. | Index Date:    09/15/2022 |
| PREMIER LAWN & LANDSCAPE SERVICES, INC | AFFIDAVIT OF SERVICE OF: |
| Defendant/Respondent | SUMMONS; COMPLAINT |

Received by **Anthony Yannucci**, on the **19th day of September, 2022 at 6:23 AM** to be served upon **Premier Lawn & Landscape Services Inc.** at **238 Pulaski Avenue, STATEN ISLAND, Richmond County, NY 10303**.

The undersigned, being first duly sworn, on oath deposes and says: That s(he) is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness therein.

On the **20th day of September, 2022 at 4:37 PM** at the address of **238 Pulaski Avenue, STATEN ISLAND, Richmond County, NY 10303**, this affiant served the above described documents upon **Premier Lawn & Landscape Services Inc.** in the manner described below:

**CORPORATE SERVICE**, by personally delivering **1** true and correct copy(ies) of the above described documents, with the date and hour of service endorsed thereon by this affiant, to the corporation described as the named defendant.

THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY(IES) OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**John Doe**, I delivered the documents to an individual who refused to give their name who indicated they were the person authorized to accept. The individual accepted service with direct delivery. The individual appeared to be a gray-haired white male contact 55-65 years of age, 5'6"-5'8" tall and weighing 160-180 lbs.

Deponent asked the indicated person whether the defendant and/or present occupant was presently in the military service of the United States Government or in active duty in the military service of the State of New York or a dependent of anybody in the military and defendant and/or present occupant refused to indicate.

Executed on ___9___ ___23___, 20_22_

_____

**Anthony Yannucci, Reg. # 2066954-DCA, NYC DCWP, NY**
ABC Legal Services, LLC
DCA Lic. #1380619 Exp, 02/28/24
147 Prince St, Suite 4-6, Brooklyn, NY 11201

STATE OF NEW YORK, COUNTY OF _Richmond September_
SWORN TO AND SUBSCRIBED BEFORE ME THIS ___ OF ___ 20 22 BY _Anthony Yannucci_ (AFFIANT NAME)

_____
SIGNATURE OF NOTARY PUBLIC

_____
PRINT, TYPE OR STAMP NOTARY'S COMMISSIONED NAME

PERSONALLY KNOWN ___✓___ OR PRODUCED IDENTIFICATION

TYPE OF IDENTIFICATION PRODUCED___ _____

MARGARET M ANSELMO
Notary Public - State of New York
NO. 01AN6119012
Qualified in Richmond County
My Commission Expires 11/29/2024

**IN THE SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF RICHMOND**

| | |
|---|---|
| CHRISTOPHER CHARLTON; ET AL | Hearing Date: |
| Plaintiff/Petitioner | INDEX NO.    151683/2022 |
| vs. | Index Date:    09/15/2022 |
| PREMIER LAWN & LANDSCAPE SERVICES, INC | AFFIDAVIT OF SERVICE OF: |
| Defendant/Respondent | SUMMONS; COMPLAINT |

Received by **Anthony Yannucci**, on the **19th day of September, 2022 at 6:23 AM** to be served upon **Premier Lawn & Landscape Services Inc.** at 238 Pulaski Avenue, STATEN ISLAND, Richmond County, NY 10303.

The undersigned, being first duly sworn, on oath deposes and says: That s(he) is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness therein.

On the **20th day of September, 2022 at 4:37 PM** at the address of **238 Pulaski Avenue, STATEN ISLAND, Richmond County, NY 10303,** this affiant served the above described documents upon **Premier Lawn & Landscape Services Inc.** in the manner described below:

**CORPORATE SERVICE,** by personally delivering **1** true and correct copy(ies) of the above described documents, with the date and hour of service endorsed thereon by this affiant, to the corporation described as the named defendant.

THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY(IES) OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**John Doe, I delivered the documents to an individual who refused to give their name who indicated they were the person authorized to accept. The individual accepted service with direct delivery. The individual appeared to be a gray-haired white male contact 55-65 years of age, 5'6"-5'8" tall and weighing 160-180 lbs.**

Deponent asked the indicated person whether the defendant and/or present occupant was presently in the military service of the United States Government or in active duty in the military service of the State of New York or a dependent of anybody in the military and defendant and/or present occupant refused to indicate.

Executed on 9   23   2022

_____

**Anthony Yannucci, Reg. # 2066954-DCA, NYC DCWP, NY**
ABC Legal Services, LLC
DCA Lic. #1380619 Exp, 02/28/24
147 Prince St, Suite 4-6, Brooklyn, NY 11201

STATE OF NEW YORK COUNTY OF Richmond   September
SWORN TO AND SUBSCRIBED BEFORE ME THIS ____ OF ____ 20__ BY Anthony Yannucci   (AFFIANT NAME)

_____
SIGNATURE OF NOTARY PUBLIC

_____
PRINT, TYPE OR STAMP NOTARY'S COMMISSIONED NAME

PERSONALLY KNOWN ___ OR PRODUCED IDENTIFICATION ____
TYPE OF IDENTIFICATION PRODUCED ____

MARGARET M ANSELMO
Notary Public - State of New York
NO. 01AN6119512
Qualified in Richmond County
My Commission Expires 11/29/2024