
**Greg R. Mansell**
85 8th Ave., #6M
New York, NY 10011
Ph: (646) 921-8900
Direct Dial: (614) 796-4325
Email: Greg@MansellLawLLC.com

**VIA ECF**

The Honorable Judge Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza E.
Brooklyn, NY 11201

Re:    Charlton et al., v. Premier Lawn & Landscape Services, Inc.
       1:22-cv-6055

Dear Judge Cogan:

  This office represents the Plaintiffs in the above referenced matter. Plaintiffs write, jointly with Defendant as to Section I below, to submit this letter setting forth our views on why the Court should approve the agreed-upon settlement pursuant to *Cheeks v. Freeport Pancake House, Inc*., 796 F.3d 199 (2d Cir. 2015). The parties have agreed to a negotiated settlement agreement ("the Agreement") after extensive settlement discussions. A signed copy of the Agreement is attached hereto as **Exhibit A1 (Lalgee) and Exhibit A2 (Charlton)**.

  Plaintiffs allege that they were employed by Defendant at Defendant's landscaping company. Plaintiffs brought this suit alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), violations of the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"). Plaintiffs alleges that Defendant engaged in violations of the FLSA and NYLL, including failure to pay appropriate overtime wages, unlawfully withholding wages, and failure to provide accurate and statutorily required wage statements and wage notices. Defendant has denied these allegations and asserted several affirmative defenses.

  **I.**  **The Proposed Settlement is Fair and Reasonable**

  Under the Agreement, Defendant Premier Lawn & Landscaping Services, Inc. will pay $30,000.00 to settle all claims. This settlement amount will be paid in one installment via five (5) separate checks. The checks shall be sent by overnight delivery to the office of Plaintiffs' counsel Gregory R. Mansell, Esq. located at 85 8th Ave., 6M, New York, NY 10011. The settlement amount will be paid within 30 days of the Court's approval of the Agreement. The installment shall consist of:

- One check made payable to Plaintiff Christopher Charlton in the gross amount of $4.329.16, less applicable withholdings, and for which an IRS Form W-2 will be issued to

Plaintiff Christopher Charlton;

- One check made payable to Plaintiff Christopher Charlton in the gross amount of $4.329.16, for which an IRS Form 1099-MISC (Box 3) will be issued to Plaintiff Christopher Charlton;

- One check made payable to Plaintiff Rudy Lalgee in the gross amount of $5,509.84, less applicable withholdings, and for which an IRS Form W-2 will be issued to Plaintiff Rudy Lalgee;

- One check made payable to Plaintiff Rudy Lalgee in the gross amount of $5,509.84, for which an IRS Form 1099-MISC (Box 3) will be issued to Plaintiff Rudy Lalgee;

- One check made payable to Mansell Law LLC in the gross amount of $10,322.00 for attorneys' fees and costs, which shall be reportable on an IRS Form 1099-MISC (Box 10) issued to Mansell Law LLC.

Plaintiffs allege that they are entitled to back wages from Defendant in the amount of approximately $25,000.00. This calculation is based on Plaintiffs' estimate of the number of hours worked. Defendant claims that Plaintiffs' worked far less hours than represented in Plaintiffs' estimates and produced time sheets which Defendant alleges demonstrates Plaintiffs worked far less hours than Plaintiffs estimate.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved").

There are contested factual and legal disputes that went to the heart of Plaintiffs' claims. Defendant contested all of Plaintiffs' substantive allegations, specifically contesting the number of hours allegedly worked by Plaintiffs. Defendant also presented information pertaining to their inability to settle this matter for more than what is ascribed to in this letter. Plaintiffs, not wishing to prolong the time and expenses dedicated to this matter, were glad to be able to recover a majority of their losses and are ultimately pleased with the settlement amount.

Considering the facts in this case outlined above, Plaintiffs believe that this settlement is fair and should be approved. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

## II.     Plaintiff's Attorneys' Fees are Fair and Reasonable

Under the settlement agreement, Plaintiffs' counsel will receive $10,322.00 from the settlement fund as attorneys' fees and costs. This represents remuneration of the filing fees, costs incurred in filing of the Complaint and service of process, plus one third of the recovery in this litigation as attorneys' fees. These are fees from the provisions of Plaintiffs' retainer agreements, which provide that one third of Plaintiff's recovery will be retained by the firm. The lodestar amount, as reflected on the following chart, is $10,035.00, plus $322.00 in costs.

| Attorney | Rate | Hours | Total |
| --- | --- | --- | --- |
| Greg R. Mansell | $450.00 | 13.8 | $6,210.00 |
| Rebecca L. Hill | $250.00 | 15.3 | $3,825.00 |

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. City. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

Below is a brief biography of individuals who performed billed work on behalf of Plaintiff in this matter, including the effective billable rate which the parties' request that the Court apply should the Court undertake a "lodestar analysis of the fairness of such fees." (*see*, e.g, *Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany*, 493 F. 3d 110 (2d Cir. 2007):

i. Greg R. Mansell, Esq. ("GRM"), is the Founder and Managing Partner of Mansell Law LLC. He is a 2009 graduate of The Ohio State University, Moritz College of Law and licensed to practice in the State of Ohio and New York. Since his licensure, he has almost exclusively practiced employment and wage and hour litigation. Mr. Mansell founded Mansell Law LLC in March of 2012 as a solo practitioner. Mansell Law LLC now has 4 attorneys: 2 Partners, and 2 Associates and operates out of offices located in Columbus, Ohio and New York, New York. Mr. Mansell has served as lead counsel or co-counsel on more than 450 employment law cases in both federal and state courts in New York and Ohio, over 40 of which have been wage and hour case class or collective actions. Mr. Mansell has obtained more than 10 judgements, arbitrators' awards, and jury verdicts under federal and state employment laws and successfully argued before State and Federal Court of Appeals. He has presented at seminars and classes related to employment litigation and trial practice topics as well as drafted and published several articles on employment law. He has been selected by his peers as a Super Lawyer, Rising Star between 2014-2019, and 2021-2023 in Plaintiff Side Employment Law. He has also been selected to the U.S. News and World Reports, Best Lawyers in America publication for the past five consecutive years (2019-2023) in two categories: (1) "Employment Law – Individuals"; (2) "Litigation

– Labor and Employment." Mansell Law, LLC has also been selected to the U.S. News and World Reports, Best Lawyers in America publication as Best Law Firms in America for the past four consecutive years (2020-2023) in two categories: (1) "Employment Law – Individuals"; (2) "Litigation – Labor and Employment." His current hourly rate in New York is $450 per hour, Mansell Law LLC's current usual, and customary rate for Partner's in New York for matters paid on an hourly basis. Courts have routinely held that hourly fees of $450 per hour for Managing Partner's with Mr. Mansell's level of experience are reasonable. *See Martinex v. New 168 Supermarket*, No. 19-cv-4536, 2020 WL 5260579, at *8 (E.D.N.Y. Aug. 18, 2020); *Rodriguez v. Yayo Rest. Corp.*, 2019 WL 4482032, at *8 (E.D.N.Y. Aug. 23, 2019); *report and recommendation adopted*, 2019 WL 4468054 (E.D.N.Y. Sept. 18, 2019); *Campos v. Quentin Mkt. Corp.*, No. 16-CV-5303, 2018 WL 9945754, at *9 (E.D.N.Y. October 17, 2018); *Hall v. Prosource Techs., LLC*, No. 14-CV-2502 (SIL), 2016 WL 1555128, at *12-13 (E.D.N.Y. Apr. 11, 2016) (Discussing the range of reasonable hourly rates in this district).

ii. Rebecca L. Hill ("RLH"), is an Associate of Mansell Law LLC. She is a 2021 graduate, *cum laude*, from Capital University Law School, and is licensed to practice law in Ohio and New York. Since her licensure, she has exclusively practiced employment and wage and hour litigation. Prior to joining the firm as an associate, Ms. Hill completed Judicial Externships with the United States District Court of the Southern District of Ohio and the United States Court of Appeals for the Sixth Circuit. Ms. Hill has published several legal articles, and a recent article she drafted on employment law has been selected for publication in the upcoming Fall 2022 issue of the CBA Lawyers Quarterly magazine. In addition, Ms. Hill regularly contributes to Mansell Law LLC's digital blog on state and federal employment law topics. Ms. Hill has served as co-counsel on 25 employment law cases in both State and Federal Court, 10 of which have been federal and state wage and hour cases. Her work is billed at a rate of $200 per hour.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Greg R. Mansell
Greg. R. Mansell
*Greg@MansellLawLLC.com*
Mansell Law, LLC
85 8th Ave., #6M
NY, New York 10011
*Counsel for Plaintiffs*

Enclosures

cc: Defendants' Counsel (via ECF)